USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 97-2349

 RONALD J. KOGUT,

 Plaintiff, Appellant,

 v.

 DR. BERNARD KATZ, ET AL.,

 Defendants, Appellees.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. William G. Young, U.S. District Judge]

 Before

 Torruella, Chief Judge,
 Selya and Stahl, Circuit Judges.
 
 

 Ronald J. Kogut on brief pro se.
 Bruce R. Henry and Morrison, Mahoney & Miller on brief for
appellees Katz and Neitlich.
 Nancy Ankers White, Special Assistant Attorney General, and
Michael H. Cohen, Supervising Counsel, on brief for appellees
Centola, Nelson and Brady.
 

September 22, 1998

 
 
 Per Curiam. Plaintiff Ronald Kogut, a Massachusetts
 inmate, claims that his Eighth Amendment rights were violated
 when, upon his transfer from the Bridgewater State Hospital
 (BSH) to a county jail in Northampton, he was unable to obtain
 copies of his BSH medical records. He alleges that treatment
 of his various psychological ailments was thereby disrupted--
 resulting in a suicide attempt, severe depression, sleep
 deprivation, and other impairments. The instant pro se action,
 brought under 42 U.S.C. 1983 against five BSH officials,
 followed. In due course, the district court dismissed the
 complaint for failure to state a claim. We affirm.
 Little discussion is required. With respect to three of
 the defendants (Brady, Katz and Neitlich), there has been no
 allegation of any personal involvement on their part, whether
 direct or otherwise, in the matters at issue here. This alone
 provided a sufficient basis for dismissal of the claims against
 them. See, e.g., Maldonado-Denis v. Castillo-Rodriguez, 23
 F.3d 576, 581-82 (1st Cir. 1994). 
 With respect to the remaining two defendants (Nelson, the
 BSH superintendent, and Centola, the BSH records keeper), no
 showing of "deliberate indifference" has been made. This
 standard requires a state of mind akin to criminal
 recklessness--i.e., that the official knew of and consciously
 disregarded a substantial risk of serious harm. See, e.g.,
 Farmer v. Brennan, 511 U.S. 825, 837 (1994); Mahan v. Plymouth
 County House of Corrections, 64 F.3d 14, 18 (1st Cir. 1995). 
 Even with all reasonable inferences drawn in plaintiff's favor,
 the allegations in his complaint and supporting papers fall
 well short of such a showing--for at least three reasons. 
 First, there has been no suggestion that either Nelson or
 Centola was aware of plaintiff's psychological condition, much
 less that it might have required close monitoring. In his
 several written requests for his BSH records, for example,
 plaintiff never described his ailments or conveyed any sense of
 urgency. Second, even if defendants had learned of his
 condition, there is no indication that they would have thereby
 been alerted to the need for prompt medical treatment. 
 Although plaintiff was eventually treated with lithium at the
 jail with positive results, he indicates that, while at BSH, he
 was simply given "strong medication to sleep at night"--a
 course of treatment that defendants could reasonably assume was
 available at the jail. Compare, e.g., Hudson v. McHugh, 148
 F.3d 859, 863-64 (7th Cir. 1998) (finding that claim had been
 stated against officials at receiving correctional facility,
 but not against those at transferring facility, where required
 daily dose of anti-convulsive medicine had been withheld from
 inmate for eleven days following transfer despite his repeated
 requests, resulting in epileptic seizure). Finally, from all
 that appears, the actions of both Nelson and Centola were
 unobjectionable here with regard to plaintiffs requests for his
 records. Nelson simply referred those requests to Centola. 
 And Centola properly advised plaintiff that a "witnessed"
 request form and a waiver of copying costs (or prepayment
 thereof if not indigent) were required.
 We need not address whether defendants' alleged failure to
 forward the medical records to the jail officials (as opposed
 to plaintiff personally) comported with state law. See, e.g.,
 105 C.M.R. 205.503 (requiring that copy of medical record or
 summary sheet "accompany the inmate" upon transfer to another
 correctional or health care facility). Plaintiff has not
 argued the point. And even if one or more of the defendants
 might have been negligent in this regard (a matter we do not
 decide), no deliberate indifference is apparent under the
 circumstances here presented. 
 Affirmed.